HEUER, Appellant, *vs.* RUTKOWSKI, Respondent.

1. A purchaser at a trustee's sale, the terms of which are cash, must pay the money within a reasonable time. If he fails to do so, upon a tender of a deed, a court of equity will not enforce a conveyance, upon a subsequent tender of the amount of his bid.

Heuer *v.* Rutkowski.

*Appeal from St. Louis Circuit Court.*

*Frémon & Reber*, for appellant.   1. The alleged inadequacy of price is no reason for refusing the decree.   *Harrison* v. *Town*, 17 Mo. Rep.   2. The fact that Kuntz paid the amount of the incumbrance after the sale, is immaterial, for as soon as the property was struck down by the auctioneer, the rights of the purchaser attached.   *Stine* v. *Wilkins*, 10 Mo. Rep. 94.   3. There was a sufficient memorandum of the sale to take it out of the statute of frauds.   The auctioneer is the agent of both parties.   4 J. C. R. 659.   7 Blackf. 568.   8 ib. 109.   13 Metcalf, 388.   That this is a proper case for enforcing a specific performance, see 11 Paige, 352.   2 Story's Eq. 85.   1 Sugden on Vendors, 507, 513.   2 Comstock, 408.   *Conway* v. *Nolte*, 11 Mo. Rep. 74.   That there was no default on the part of the appellant until a deed was tendered, see 8 J. R. 550, 553.   11 ib. 527.   20 ib. 20.   4 Scammon, 267.   It was the duty of the trustee to furnish a draft of the deed.   9 Wend. 68.   1 Scammon, 310.   1 Greene's (Iowa) Rep. 33, 235.

*Glover & Richardson*, for respondent.   By the terms of the deed of trust and of the advertisement, the purchaser was required to pay at the time of the sale, and having failed to pay or to offer to do so, on that day or the next day, although notified to do so, the trustee had the right to treat the sale as a nullity, and to permit Kuntz to redeem.   Courts of equity will not decree a specific performance, except in cases where it would be strictly equitable to make such a decree.   2 Story's Eq. §750, 751.

Scott, Judge, delivered the opinion of the court.

Michael Kuntz and his wife conveyed a lot in trust to Louis Rutkowski, to secure to John O'Fallon the payment of nine hundred dollars.   The money not having been paid in pursu-

ance to the terms of the trust, the lot was sold at public sale, in front of the court house, in St. Louis county, where Henry Heuer was the last bidder, at the sum of one thousand and eighty dollars. The sale took place on the 26th November, 1849. Rutkowski, the trustee, was attended at the sale by Josiah Dent, who seemed to be the agent for John O'Fallon, and who superintended the sale. From him it appears that Kuntz was present at the sale and stated just before it commenced, that he had made arrangements to pay the debt. Dent advised him to buy in the property, that the amount of the debt would only be bid, and that he could bid any amount over that sum. The amount of the debt was bid; Kuntz bid three dollars over and Heuer bid five dollars more, and the property was knocked down to him at the sum of one thousand and eighty dollars. The property was worth between two and three thousand dollars. Heuer was told that he must call that afternoon and settle. The sale took place about twelve o'clock. Heuer came in the afternoon and informed the party that he would not be ready to pay that evening. Heuer was then told, that he would be waited for until ten o'clock the next day. He did not come at ten o'clock the next day, but late in the afternoon of the second or third day after the sale he tendered a check by other persons for the amount of the purchase money : this was refused and a deed for the property was tendered to Heuer. Late in the afternoon of the next day, Heuer met the agent and informed him that he had the money and was on his way to the office to pay it. The money was refused, on the ground that Heuer had forfeited all his rights under the sale. A day or two after, Heuer made a formal tender of the purchase money. It was refused. At the several interviews with Heuer, he was informed that Kuntz was ready to pay the debt for which his property had been bid off, and that if it could legally be done, the property would be saved for him, as it had been sold at a great sacrifice. Heuer was warned on the first day, by the agent, that if he did not come by ten o'clock next day, the sale would be

cancelled and he would allow Kuntz to redeem. Kuntz paid the debt, interest and costs, but on what day it does not appear. It was not done, however, until Heuer's rights were considered as forfeited. Kuntz called frequently to pay, but he was not permitted until Heuer's right was deemed to be barred by reason of his neglect to comply with the terms of the sale. There was a decree for the defendant.

1. If Heuer, through the inadvertence of Kuntz, was placed in a situation in which he was enabled to make a large sum of money, at his expense, he was fully apprised of the ground on which he stood, and that if he wanted strict law he should strictly comply with the law. The terms of the sale were cash, and all that he could require was a reasonable time, under the circumstances, to comply with the conditions of it. The trustee was under no obligation to wait an indefinite time for him. A reasonable time was allowed Heuer. Twice he failed to comply at the time appointed. Can it be supposed, even if Heuer had a memorandum of the sale, that, therefore, he could, at any time, by a tender of the purchase money, entitle himself to a conveyance, when the debtor was standing by, insisting on his rights? When a deed was tendered to him, after a reasonable time, he was not then ready to comply with the terms of the sale. A check, and that, too, after banking hours, was no tender. The trustee was under no obligation to risk the genuineness of the instrument or the solvency of the drawers. He was acting for the owner of the property and the bidder, each insisting on his strict rights, and Heuer was made fully aware of this fact. Under such circumstances, he should have been punctual to a minute, when it was obvious that he had obtained his advantage through the inadvertence or mistake of Kuntz, as it does not appear that the property was subject to any other debt or incumbrance, and Kuntz, consequently, might, without loss, have bid any sum for it he pleased. The creditor has, in due time, received his debt. No one has been injured by the conduct of the trustee save Heuer, who

complains that he lost a good bargain after he had repeated occasions afforded to him for complying with its terms, which he omitted to embrace. The conduct of the trustee was praiseworthy. He seems to have acted with a commendable desire to do justice between the parties, impressed, as he was, with a sense of the hardship of the transaction on one of them. This is an appeal to the discretion of a court to enforce the specific performance of a contract. The appeal has none of the attributes to engage the countenance of courts of equity. The prayer of those who demand the enforcement of strict law, by the principles of those courts, can only be granted on the condition that the law has first been strictly complied with.

The other judges concurring, the judgment is affirmed.